UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON J. SCHULTZ,            )
        Plaintiff,          )
                            )
            v.              )        C.A. No. 12-10340-MLW
                            )
MICHAEL MARKS, FRANK J.      )
COUSINS, SEAN WALDRON, ESSEX )
COUNTY SHERIFF'S OFFICE,      )
        Defendants.         )


MEMORANDUM AND ORDER

WOLF, D.J.                                    March 13, 2013

        Pro se plaintiff Jason J. Schultz, who is incarcerated, filed

a Complaint on February 21, 2012 alleging that on April 6, 2010,

the defendants used excessive force to remove him from his cell in

violation of the Eighth Amendment.  See Complaint ¶¶5-9 (Docket No.

1).  The original Complaint did not state a cause of action, but

the plaintiff's other filings make clear that he is proceeding

under 42 U.S.C. §1983, with supplemental claims under state tort

law.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (complaint

liberally construed where plaintiff proceeding pro se); Pl.'s Memo.

in Support of Mot. for Appointment of Counsel (Docket No. 10).  On

March 2, 2012, the court allowed the plaintiff's motion to proceed

in forma pauperis, authorized the issuance of summonses, and

ordered the defendants to respond to the Complaint.  See March 2,

2012 Order (Docket No. 4).  On June 27, 2012, the defendants filed

an Answer and moved to dismiss the Essex County Sheriff's Office as

a defendant.  The plaintiff has since filed several motions,

including a Motion for Appointment of Counsel and a Motion to Amend the Complaint.

For the reasons explained below, the court is denying without prejudice the plaintiff's Motion for the Appointment of Counsel (Docket No. 9) and Petition for a Writ of Habeas Corpus Ad Testificandum (Docket No. 22). The court is allowing the plaintiff's Motion to Amend (Docket No. 21). In view of these decisions, the plaintiff's Motion for Enlargement of Time (Docket No. 16) and the defendants' Motion to Dismiss Essex County Sheriff's Office (Docket No. 9), are moot.

I. BACKGROUND

The plaintiff alleges that on April 6, 2010, after he refused to be handcuffed in his cell at the Essex County Correctional Facility, the defendants, despite the plaintiff's warning that he is asthmatic, applied a "chemical agent" causing him to suffer an asthma attack. Compl. ¶¶5-6. During the asthma attack, the plaintiff alleges that the defendants punched, kneed, and choked him, causing multiple injuries. Id. ¶¶7-8. The plaintiff seeks money damages in the amount of $2,000,000. Id. ¶9.

II. DISCUSSION

A. Motion for the Appointment of Counsel

On May 17, 2012, the plaintiff moved for appointment of counsel at public expense. See Motion for the Appointment of Counsel (Docket No. 9). A plaintiff in a civil case lacks a

constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). Under certain circumstances, however, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). To qualify for appointed counsel in a civil case, a party must be indigent and "exceptional circumstances" must exist such that denial of counsel is "likely to result in fundamental unfairness impinging on [the party's] due process rights." <u>See</u> <u>DesRosiers</u>, 949 F.2d at 23. To determine whether exceptional circumstances exist justifying the appointment of counsel, the court must examine the total situation, with a focus on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See <u>id.</u> at 24.

Here, the court allowed the plaintiff's motion to proceed <u>in forma pauperis</u>, so the plaintiff is indigent. At this stage in the proceedings, however, the other <u>DesRosiers</u> factors do not favor appointment of counsel. Plaintiff cites his lack of legal training, but that alone is not sufficient to justify appointment of counsel. <u>See</u> <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2-3 (1st Cir. 1986) (per curiam). Although the defendants raise a number of affirmative defenses in their Answer, some of which may eventually present complex legal issues, the defendant has so far shown a sufficient ability to make coherent legal arguments, with citations to relevant authorities, and to draft competent pleadings. <u>See</u>

3

DesRosiers, 949 F.2d at 23.   Therefore, the motion to appoint counsel is being denied, without prejudice to renewal of the motion if exceptional circumstances develop later in this case.

B. Motion to Dismiss Essex County Sheriff's Office

On June 27, 2012, the defendants filed a Motion to Dismiss the Essex County Sheriff's Office (Docket No. 15).   The motion argues that the Essex County Sheriff's Office is not an entity that can be sued.   The defendants' position appears to be meritorious as certain Massachusetts counties, including Essex County, are no longer separate legal entities from the Commonwealth of Massachusetts, and the Essex County Sheriff is now an employee of the Commonwealth.   See Mass. Gen. Laws c. 34B, §§1, 12; cf. Brown v. Massachusetts, No. 11-11019-JGD, 2012 WL 588800, at *3-4 (D. Mass. Feb. 21, 2012) (Dein, M.J.) (Essex County Sheriff's Department is agency of Commonwealth of Massachusetts entitled to sovereign immunity).   In any event, the Motion to Dismiss is moot because, for the reasons described below, the court is allowing the plaintiff to file an amended complaint which, in part, removes the Essex County Sheriff's Office as a party.

C. Motion to Amend

On July 18, 2012, the plaintiff filed a Motion to Amend, seeking to substitute the Essex County Sheriff's Office for the Commonwealth of Massachusetts as a party.   See Mot. to Amend (Docket No. 17).   The motion was filed 21 days after the defendants

filed their Answer and Motion to Dismiss Essex County Sheriff's
Office. The defendants opposed the motion on grounds that the
Commonwealth of Massachusetts cannot be sued in federal court under
the doctrine of sovereign immunity. See Defs.' Opp. to Mot. to
Amend (Docket No. 19). The plaintiff subsequently withdrew the
motion, and filed a second Motion to Amend (Docket No. 21) on
August 1, 2012. See Withdrawal of Mot. to Amend (Docket No. 20);
Motion to Amend. This proposed amended complaint would: "hold all
defendants accountable in their individual capacity"; add Captain
Steven Nowicki, a supervisor at the Essex County Correctional
Facility, as a party; specify supplemental claims for the "torts of
assault and battery and negligence"; and clarify that $1,000,000 is
sought against defendant Waldron and another $1,000,000 is sought
against the remaining defendants collectively. See Second Motion
to Amend (Docket No. 21). The second Motion to Amend is unopposed.

Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to
amend its pleadings once as a matter of course within 21 days
after, among other things, service of a Rule 12(b) motion. If the
motion falls outside of this period, the party may amend its
pleadings only with the opposing party's consent or with leave of
court, and "[t]he court should freely give leave when justice so
requires. See Fed. R. Civ. P. 15(a)(2). Here, the plaintiff's
first Motion to Amend was filed 21 days after the defendants'
Answer and Motion to Dismiss Essex County Sheriff's Office, but

proposed to add the wrong party.  The instant motion was filed
outside the 21 days, but proposes to add evidently proper parties.
The defendants are not prejudiced by the addition of Steven
Nowicki, who was mentioned extensively in the original Complaint.
Moreover, the defendants have not opposed the instant motion.  In
these circumstances, the court finds that it is in the interests of
justice to allow the plaintiff's Second Motion to Amend.
Therefore, the motion is being allowed.

> D. <u>Motion for Enlargment of Time</u>

On June 27, 2012, the plaintiff filed a Motion for Enlargement
of Time (Docket No. 16).  The plaintiff states in the motion that
he is concerned that certain documents he mailed from the Essex
County Correctional Facility on May 15, 2012 were not actually
sent.  The docket sheet in this case reflects that the documents to
which the plaintiff refers were delivered.  <u>See, e.g.</u>, Return of
Summons (Docket Nos. 11, 12, 13).  Accordingly, this motion is
moot.

> E. <u>Petition for Writ of Habeas Corpus</u>

On October 24, 2012, the plaintiff filed a Petition for Writ
of Habeas Corpus Ad Testificandum (Docket No. 22).  As no hearing
has been scheduled in this matter, this motion is premature and is
being denied without prejudice.  The plaintiff may renew his motion
if and when the court schedules a hearing in this matter.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's Motion for the Appointment of Counsel (Docket No. 9) is DENIED without prejudice.

2. The defendants' Motion to Dismiss the Essex County Sheriff's Office (Docket No. 15) is MOOT.

3. The plaintiff's Motion for Enlargement of Time (Docket No. 16) is MOOT.

4. The plaintiff's Motion to Amend (Docket No. 17) is ALLOWED.

5. The plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum (Docket No. 22) is DENIED without prejudice.

6. The parties shall comply with the attached Scheduling Order.

<u>      /s/ Mark L. Wolf      </u>
UNITED STATES DISTRICT JUDGE